**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| BUFFALO BIODIESEL, INC., | ) | |
| | ) | Case No. 1:25-cv-08905 (ER) |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | **Hon. Edgardo Ramos** |
| v. | ) | District Judge |
| | ) | |
| LIFECYCLE RENEWABLES, INC., | ) | **Hon. Katharine H. Parker** |
| | ) | Magistrate Judge |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

**AGREED PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as "confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as "confidential" will be stamped "CONFIDENTIAL"" (the "Confidential Information").

2. The parties have met and conferred, and are in agreement that Counsel for any party may designate any document or information, in whole or in part, as "highly confidential" if counsel determines, in good faith, that such designation is necessary to protect competitively sensitive information, the disclosure of which to a direct competitor is substantially likely to cause injury. Information and documents designated by a party as "highly confidential" will be stamped "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (the "Highly Confidential Information").

3. If testimony or other information is orally designated as Confidential or Highly Confidential during the course of a deposition, the court reporter shall transcribe the pages so designated in a separate volume marked accordingly. When notified to do so, persons attending depositions, other than those privy to such information pursuant to this Protective Order, must leave the room before any discussion of any designated

1

Confidential or Highly Confidential Information, or any excerpts, summaries, or information derived therefrom, that the person is not entitled to review under this Protective Order.

4.  The Confidential or Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5.  In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or Highly Confidential Information.

6.  All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that these individuals execute the Agreement; and

    d.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

7.  All documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not be disclosed to any person except:

    a.  True outside counsel representing the requesting party in connection with the above-captioned matter, along with their direct staff;

    b.  Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata); any person indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the producing Party; or, in the case of meeting minutes and presentations, an attendee of the meeting, and who executes the Agreement;

    c.  A witness and their counsel during a hearing, a deposition, or preparation for a deposition who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the documents designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and

2

only to the extent necessary to conduct or prepare for hearings, depositions or testimony or to prepare and submit declarations for affidavits in this Litigation, and who executes the Agreement attached hereto;

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel, provided that these individuals execute the Agreement; and

e. The Court (including the mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court).

8. Prior to disclosing or displaying the Confidential or Highly Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

9. The disclosure of a document or information without designating it as "confidential" or "highly confidential" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall promptly (within 3 days) notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall

serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "confidential" or "highly confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. At the conclusion of litigation, Confidential or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final order, or judgment, resolving this dispute that is no longer subject to appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

_Lindsay E. Ray_
_____
Dated: April 24, 2026
*Counsel for Defendant/Counter-Plaintiff*

_____
Dated:    April 30, 2026
*Counsel for Plaintiff/Counter-Defendant*

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J.

Dated:        May 21, 2026
              New York, New York

4

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Buffalo Biodiesel Inc. v. Lifecycle Renewables Inc.* (Case No. 1:25-cv-08905 (ER), SDNY) have been designated as Confidential or Highly Confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" are so confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:        _____

SIGNED:        _____

Signed in the presence of:

_____

(Attorney)